

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 6, 2013**

_____
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Eddie Mayo, | § | CASE NO. 11-70526-7-HDH |
| | § | |
| Debtor. | § | ADVERSARY NO. 13-07006 |
| | § | |
| | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Railroad Commission of Texas ("Commission"), through the Texas Attorney General's Office filed a complaint for declaratory judgment on August 30, 2013.  In their complaint, the Texas Attorney General's Office requests that this court clarify that 11 U.S.C. § 523(a)(7) is "self-executing" and, therefore, that the Commission is not required to obtain a further court order to collect prepetition fines and penalties against the debtor.

At issue in this case is whether an exception to discharge under 11 U.S.C. § 523(a)(7) is "self-executing" or whether there is required to be a judicial determination of the dischargeability of these claims before they take effect.  A prior case from the Bankruptcy Court

of the Northern District of Texas held that "a determination must be sought" on a 523(a)(7) exception to dischargeability claim "in one of those forums which specifically addresses the issue of dischargeability under the Federal Bankruptcy laws." *In re Bingham*, 163 B.R. 769, 771 (Bankr. N.D. Tex. 1994). In that case, however, the debtor issued a general denial to the 523(a)(7) debt, and the court thus required that a judicial determination be made in regard to the dischargeability of the debt. *Id.* at 770. A bankruptcy case out of the Second Circuit shed further light on this reasoning, stating "[w]here the matter is disputed . . . it must be judicially determined, and all parties must be afforded due process before such a determination can be made." *In re Taibbi*, 213 B.R. 261, 273 (Bankr. E.D.N.Y. 1997). Due process will only be a concern when the debtor is disputing the debt. However, as is in the present case, when the debt is not disputed by the debtor, a determination of this kind is not necessary and 11 U.S.C. § 523(a)(7) is self-executing and no judicial determination is necessary. If the debtor had availed himself to a procedure to dispute the debt claimed by the government, then a judicial determination might be necessary in order to provide due process.

This court finds that the facts are different than *Bingham*, and therefore does not need to depart from its holding in order to find that, in this case, since the debtor has not disputed the debt, section 523(a)(7) is self-executing as to this debtor. The debtor in this case has taken no apparent measures in order to dispute that he owes this debt. For the reasons listed above, this court declines to overrule *Bingham*.

#####End of Findings of Fact and Conclusions of Law#####